UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK M. VENEZIA, | : |
| | :   Civ. No. 11-6100 (JLL) |
| Plaintiff, | : |
| | : |
| -v- | : |
| | : |
| ALPHA PLASTICS, INC. et al., | :   **ORDER** |
| | : |
| Defendants. | : |

This matter having come before the Court on defendants' motion to redact an electronic transcript pursuant to L. Civ. R. 5.3 [ECF No. 45];

and the Court having considered defendants' moving papers, plaintiff's opposition to the motion [ECF No. 47], and defendants' reply letter brief [ECF No. 49];

and for the reasons set forth on the record during a conference with the parties on February 15, 2012, and for good cause shown, the Court makes the following findings:

1.  Defendants seek to redact limited portions of a transcript of a hearing before the Court on December 1, 2011 [ECF No. 33], specifically:
    Page 5, lines 17-25 (all text)
    Page 6, lines 1-3 (all text)
    Page 52, lines 24-25 (all text)
    Page 53, lines 1-5 (all text)

2.  Defendants timely filed a notice with the Court of their intention to request redaction of the transcript, timely filed the instant application, and complied with L. Civ. R. 5.3 in making the instant application.

3.  The portions of the transcript that defendants seek to redact consist of confidential settlement communications that defendants privately disclosed to plaintiff in settlement negotiations, and that defendants neither publicly disclosed nor intended to have disclosed.

4.  Defendants' motion to redact serves a legitimate public interest, specifically encouraging settlement discussions and the honest and forthright communications necessary to engage in constructive settlement negotiations.

5. Defendants are likely to suffer a clearly defined and serious injury if this information is not redacted, in that the release of the information could negatively impact defendants' negotiations and relationships with employees and other companies in the marketplace.

6. The public interest in the disclosure of a privately conveyed settlement offer is outweighed by both the defendants' interest in confidentiality and the public's interest in encouraging open communications in settlement negotiations.

7. There is no less restrictive alternative to the redactions proposed by defendants, which are narrowly tailored and limited solely to the confidential settlement communications.

Based upon those findings,

IT IS on this 15th day of February 2012,

ORDERED that defendants' motion to redact the above-listed portions of the December 1, 2011, transcript is hereby granted; and it is further

ORDERED that page 5, lines 17-25; page 6, lines 1-3; page 52, lines 24-25, and page 53, lines 1-5 of the transcript shall be redacted and maintained under seal by the Clerk of Court; all other portions of the transcript shall remain unsealed.

s/ *Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE